09-2760-ag
Weng v. Holder

BIA
Abrams, IJ
A097 152 824

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand ten.

PRESENT:
>       REENA RAGGI,
>       RICHARD C. WESLEY,
>       GERARD E. LYNCH,
>           *Circuit Judges.*

_____

YU LIN WENG,
>       *Petitioner,*

>       v.                                    09-2760-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Russell
                       J.E. Verby, Senior Litigation
                       Counsel; Tim Ramnitz, Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu Lin Weng, a native and citizen of the People's Republic of China, seeks review of a June 18, 2009 order of the BIA affirming the September 24, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Lin Weng,* No. A097 152 824 (B.I.A. June 18, 2009), *aff'g* No. A097 152 824 (Immig. Ct. N.Y. City Sept. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

The BIA did not err in concluding that Weng failed to demonstrate his eligibility for relief on account of his alleged resistance to the family planning policy that

2

resulted in his wife being subjected to an involuntary abortion. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 313 (2d Cir. 2007) (*en banc*).

Weng argues that his own resistance to the family planning policy was manifested by his refusal to disclose where his wife was hiding from government officials. Further, he submits that the loss of his job due to this resistance constituted economic persecution. We detect no error, however, in the BIA's conclusion that these circumstances failed to establish the "severe economic disadvantage" required for a showing of persecution. *See Shao v. Mukasey*, 546 F.3d 138, 161 n.21 (2d Cir. 2008) (citing *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (B.I.A. 2007)). Weng was able to find alternative, albeit less remunerative, work and was not subjected to fines, confiscation of property, or other economic hardship. *See Matter of T-Z-*, 24 I. & N. Dec. at 174 (noting that "a compulsory change in occupation is least likely [among various economic harms] to qualify as persecution by itself," and that "[t]he availability of other sources of income has been a key factor in assessing the impact of economic sanctions"). Weng also failed to present evidence

3

concerning any other aspects of his financial situation that would have compelled a finding of severe economic disadvantage. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002); *Matter of T-Z-*, 24 I. & N. Dec. at 174.

As to Weng's argument that he established a well-founded fear of persecution based on continuing police efforts to track him down on account of his altercation with family planning officials, the BIA reasonably concluded that Weng's claim was undermined by the fact that his wife continues to live in China without further problems or harm. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Thus, to the extent that Weng's applications for asylum, withholding of removal, and CAT relief were based on his resistance to the family planning policy, the agency properly denied those applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *cf. Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.").

For the foregoing reasons, the petition for review is

4

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk